FILED: 4/18/2023 4:36 PM
Anne Reed, District Clerk
Orange County, Texas
Envelope No. 74778035
Reviewed By: Justin Rhodes

## CAUSE NO. 230109-C

| | | |
|---|---|---|
| CHELLE WARRICK<br>*Plaintiff* | § § § § § § § | IN THE 128TH DISTRICT COURT |
| v. | § § § | OF |
| ROBERT STRAUSE, *indiv. and as*<br>*agent and employee of ORANGE CNTY., TX*<br>*and CITY OF WEST ORANGE, TX*<br>JOHN KIMBROUGH, *indiv. and as*<br>*Orange Cnty. District & Cnty. Attorney,*<br>CITY OF WEST ORANGE POLICE DEPT.,<br>and ORANGE CNTY SHERIFF'S DEPT.<br>*Defendants* | § § § § § § § § | ORANGE COUNTY, TEXAS |

## Amended PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PLAINTIFF, CHELLE WARRICK (the "Plaintiff") complaining of and against 1) ROBERT STRAUSE, individually, and as agent and employee of ORANGE COUNTY, TEXAS and the CITY OF WEST ORANGE, TEXAS, 2) JOHN KIMBROUGH, individually and as District and County Attorney of Orange County, Texas, and 3) CITY OF WEST ORANGE POLICE DEPARTMENT, and 4) ORANGE COUNTY SHERIFF'S DEPARTMENT ("the Defendants") and hereby respectfully shows unto the Court and Jury as follows:

## I.
## DISCOVERY CONTROL PLAN

1.    Plaintiffs intend for discovery to be conducted under Level 3 of the Tex. R. Civ. P.

Copy from re:SearchTX

## II.
## PARTIES

2.     Plaintiff, CHELLE WARRICK, is an individual, a resident of Jefferson County, Texas, and a citizen of the State of Texas.

3.     Defendant, ROBERT STRAUSE ("STRAUSE") is an individual, a resident of Orange County, Texas, and a citizen of the State of Texas may be served with process at 14020 Quail Ridge Rd. Orange, TX 77632 or wherever he may be found.

4.     Defendant, JOHN KIMBROUGH, is an individual elected official serving as the District and County Attorney for Orange County, Texas, and he may be served with process at 801 W Division St, Orange, TX 77630 or wherever he may be found.

5.     Defendant, ORANGE COUNTY SHERIFFS' DEPARTMENT ("Sheriff's Office" or "Sheriff's Department") is the primary law enforcement division of Orange County, Texas, which is a county incorporated in and under the constitution and laws of the State of Texas. ORANGE COUNTY SHERIFFS' DEPARTMENT may be served with process by serving Hon. John Gothia, who is the agent for service of process for Orange County, TX, and he may be served at 123 South 6th St., Orange, TX 77630, or wherever he may be found. In the alternative, the Sheriff's Department may be served at its place of business at 205 Border St., Orange, TX 77630.

6.     Defendant, CITY OF WEST ORANGE POLICE DEPARTMENT is the law enforcement division of the City of West Orange, Texas, a municipality chartered under laws of the State of Texas. The City of West Orange Police Department may be served with process at 2700 Austin Ave., West Orange, TX 77630, or, in the alternative, at City of West Orange city hall, at 2700 Western Ave., West Orange, TX 77630.

Copy from re:SearchTX

### III.
### JURISDICTION AND VENUE

7.       This Court has Jurisdiction over this case in that the amount in controversy exceeds the

minimum jurisdictional limits of this Court.

8.       Venue is mandatory and proper in Orange County, Texas because all or a substantial part

of the events giving rise to the lawsuit occurred in this county. TEX. CIV. PRAC. & REM. CODE §

15.002. Furthermore, all Defendants are located in Orange County, Texas.

9.       Pursuant to Tex. R. Civ. P. 47, Plaintiff pleads that the amount in controversy is over

$1,000,000, excluding interest, statutory or punitive damages and penalties, and attorneys' fees

and costs.  Tex. R. Civ. P. 47(c)(4).

### IV.
### AGENCY: ACTUAL/APPARENT AUTHORITY

10.      Robert Strause is and has been employed by the Orange County District Attorneys' Office,

Orange County Sheriff's Department, and the City of West Orange Police Department as a law

enforcement officer.

11.      At all times relevant hereto, Officer Robert Strause acted with actual or apparent authority

and within the course and scope of his agency relationship with Orange County District Attorneys'

Office, Orange County Sheriff's Department, and City of West Orange, Texas.

### V.
### FACTS

12.      On or about April 18, 2021, Plaintiff was arrested and placed in Orange County Jail for

possession of a controlled substance and bonded out approximately on April 21, 2021.

13.      At the time, Plaintiff was exploring career options, and she was contemplating a career in

law enforcement. She was well aware that a conviction on her record would be devastating to her

earning potential and educational opportunities. Therefore, on or about April 21, 2021, Plaintiff

*Plaintiff's Original Petition*                    Page 3 of **20**

Copy from re:SearchTX

contacted Defendant, Robert Strause  ("Strause") and asked him if there was any way she could make a deal with authorities in order to keep the charges off of her record.

14.     On information and belief, at the time, at that time, Strause was working as a member of the Orange County District Attorney task force, Orange County Sheriff's Department, and the City of West Orange, Texas Police Department.

15.     Strause asked that Plaintiff meet him at Crawdads, a local business located in Orange County, Texas.  Plaintiff complied, and the two met for a meeting.

16.     The meeting took place on or about April 27, 2021 inside of a black Ford pickup truck in Crawdads parking lot and lasted approximately two hours. While there, Strause asked Plaintiff about her knowledge of drugs, gangs, possible felons, and  potential crimes she knew about in the Orange County area.

17.     Strause represented to Plaintiff that he would be able to get her charges dismissed in exchange for work on various cases in the Orange County area. First, however, Strause needed approval from the arresting officer, one Officer Cooke. Strause called and spoke with Officer Cooke while in the vehicle with Plaintiff to ensure that Plaintiff would be allowed to work with local law enforcement.

18.     Officer Cooke stated he was agreeable to Plaintiff working with Defendant, but he would still have to contact his supervisor to verify that it was okay.

19.     Strause, leading Plaintiff to believe that supervisory approval was merely a formality, had Plaintiff sign paperwork that would allow her to become a confidential informant ("C.I.") for Orange County and/or the City of West Orange law enforcement. Strause represented that the paperwork was a binding contract entered into by the parties.

20.     Plaintiff never received a copy of the contract or any accompanying paperwork.

Copy from re:SearchTX

21.    On or about April 29, 2021, Plaintiff contacted Strause to follow up on her work as a C.I. Strause told Plaintiff that she had been approved to work as a C.I. He further informed Plaintiff that if Plaintiff worked on five (5) cases that led to felony convictions in the Orange County area, her charges would be dismissed.

22.    Strause, through his words and actions, represented to Plaintiff that he had the capacity and authority to enter into an agreement with Orange County, Texas and City of West Orange due to his role as a member of the District Attorneys' Task Force and his role as a law enforcement officer for Orange County Sheriff's Department and the City of West Orange.

23.    Plaintiff thereafter worked on five different cases that led to felony conviction in Orange County, Texas.

24.    Case No. 1.    On or about May 10, 2021, Plaintiff reported a U-Haul vehicle that was involved in several storage facility robberies. That information led to the felony conviction of a female defendant, and all the items located in the U-Haul were seized by Orange County and accepted as donations.

25.    Case No. 2.    On or about June 26, 2021, Plaintiff learned that a certain vehicle contained a large amount of illegal drugs and a firearm inside of it. Orange County had seized the vehicle pursuant to unauthorized use of a motor vehicle, but no search of the vehicle had been performed. The owners of illegal drugs devised a scheme to steal the vehicle from the sheriff's department to get rid of the drugs and a gun that was hidden on the inside. Law enforcement officers were able to move the vehicle as well as locate the drugs and gun inside, which ultimately assisted in a felony conviction of parties involved.

26.    Case No. 3.    On or about October 27, 2021, Plaintiff called and informed Orange County of a staged robbery at a game room in Rose City prior to it taking place. The officers were able to

*Plaintiff's Original Petition*                    Page **5** of **20**

Copy from re:SearchTX

get in place and be ready for the staged robbery and apprehend the subject with the cash stolen from the business and place the subject into custody, which ultimately led to another felony conviction.

27.     Case No. 4.     On or about January or February 2022, a masked gunman robbed a game room with an AR-15 style rifle. Law enforcement had insufficient clues or evidence to properly investigate potential suspects. Plaintiff provided details of the robbery and a description of individuals who had colluded to effect the robbery. That information had led to three felony indictments which are set for trial.

28.     Case No. 5.     On or about January or February 2022, Plaintiff law enforcement called and asked about a known drug dealer in Orange County. Plaintiff provided critical information on the subject, including descriptions of several different vehicles, along with license plate numbers, vehicle identification numbers, and even drop-off locations for the drugs. That drug dealer was detained and is awaiting trial for felony charges.

29.     It is the policy, longstanding practice, and custom of the Orange County District Attorneys' Office, Orange County Sheriff's Office, and the City of West Orange Police Department to use confidential informants to assist law enforcement in investigating and prosecuting crimes in Orange County, Texas.

30.     It is also the policy, longstanding practice, and custom of the Defendants to place confidential informants in harms' way with little or no protection or oversight from law enforcement.

31.     After working the cases Plaintiff remained in contact with Strause to verify that she had upheld her end of the bargain and that charges would in fact be dismissed.

Copy from re:SearchTX

32.     Strause told Plaintiff that the District Attorneys' secretary was watching for her case and would be pulling it and dismissing it as soon as it came across their desk.

33.     Plaintiff, anxious to have charges dismissed, maintained contact with Strause, and Strause kept assuring her that she had upheld her end of the bargain, that charges would be dismissed, and he repeatedly told her that it was just a question of time and patience.

34.     While Plaintiff awaited dismissal of her charges, Strause began to speak to her inappropriately. Ultimately, Strause told Plaintiff that if she had sexual relations with him, he would make sure that not only would her case be dismissed, but that the entire ordeal, would be completely expunged so that there would be no record of her arrest, indictment, bail, or any other records in the system.

35.     Plaintiff felt anxious, sickened, and uncertain about conceding to sexual relations with Strause. It was clear to Plaintiff that Strause was willing and capable of abusing his power due to his inappropriate offer to her. However, she also knew that Strause was well-connected in the Orange County community. Plaintiff was frightened and worried about rejecting Strause's offer, fearing that doing so would interfere with her pending criminal charges, that Strause may again abuse his position of power to retaliate against her if she did not have sexual relations with him.

36.     Plaintiff also genuinely believed that Strause had the capability to follow through with his offer to completely expunge her record so that she had no arrest record, no indictment, and no other indication of any criminal charges against her in Orange County, Texas. She also believed that a clean record would enable her to pursue a career in law enforcement or other area where she could make a good living.

37.     Strause had previously informed Plaintiff that he had worked for Orange County District Attorneys' office as a member of the D.A.'s task force. Plaintiff also knew that Strause had worked

*Plaintiff's Original Petition*          Page 7 of **20**

Copy from re:SearchTX

or was working for various departments and agencies in the Southeast Texas area, including: City of West Orange Police Department, Orange County Sheriff's Department, and Constable of Precinct 2 in Orange County, Texas. Plaintiff verified these claims through Strause's public Facebook page.

**Intro**

West Orange Police Department

Works at **West Orange Police Department**

Former SSD at **Orange County Sheriff's Office**

Former Detective at **Orange County Sheriff's Office**

Former lieutenant at **Orange County Sheriff's Office**

Former Constable Precinct 2. at Orange County

Former Lieutenant SSD at **Orange County Sheriff's Office**

Former Boatswain's Mate at **U.S. Coast Guard**

Former 13B Field Artillery at **U.S. Army**

Studied Psychology, Police Academy at San Antonio College, Lamar University, LIT

Lives in **Orange, Texas**

From Seguin, Texas

In a relationship with ███████

38.     In February 2022, Plaintiff conceded to meet Strause at a Chevron gas station on College Street. She parked her car there and rode with him to his house, where the two engaged in sexual intercourse.

39.     After engaging in sexual intercourse with Plaintiff, Strause assured Plaintiff that everything was taken care of, that her charges would be dismissed, and her record would be expunged.

*Plaintiff's Original Petition*          Page **8** of **20**

Copy from re:SearchTX

40.     Strause also sought to have additional and continued sexual encounters with Plaintiff, but Plaintiff declined to do so. Strause propositioned and harassed Plaintiff while Strause was on active duty with the City of West Orange, Orange County District Attorneys' Office, and the Orange County Sheriff's Office.

41.     In July of 2022, Plaintiff decided to leave Southeast Texas to move to California and start a new life. On or about July 22, 2022, Plaintiff left for California. Before she left, however, she once again asked Strause to verify that charges would be dismissed and her record expunged because she had no intention of returning to Texas, and she had an active bail bond.

42.     Strause assured Plaintiff that the charges would be dismissed around four (4) days after Plaintiff left California, which would have been on or about July 26, 2022.

43.     Plaintiff arrived in California and was excited to start a new chapter of her life, to seek higher education opportunities and a new career path in law enforcement.

44.     On or about July 26, 2022, Plaintiff traveled to the California-Mexico border to have dental work done in Mexico. At the border, she was stopped by border patrol officers, who informed her that she had a warrant for her arrest in Orange County, Texas for the possession case.

45.     On or about July 29, 2022, Plaintiff flew back to Texas to attempt to clear up any confusion about her case and to discover why she would have a warrant when Strause had assured her that the entire case would be dismissed.  On or about July 30, 2022, Plaintiff went to court to reinstate her bond and found out she could not return to California.

46.     Plaintiff followed up with Strause to clarify what the issue was regarding her case, and Strause continued to lie to her and lead her on. On or about August 2, 2022, Strause told Plaintiff that the District Attorney had informed him that charges would be dismissed on August 3, 2022,

Copy from re:SearchTX

when he returned to work. Strause told Plaintiff not to stress because the District Attorneys' office had already confirmed to him that they would dismiss charges.

47.    On or about August 3, 2022, Strause told Plaintiff that District Attorney for Orange County, Texas, John Kimbrough ("Kimbrough"), refused to accept the work that Plaintiff had performed as a confidential informant, that her case would not be dismissed, that she would have to serve 10 days in jail, and that she would have a permanent felony conviction.

48.    Strause had previously told Plaintiff that her work on the five cases had been sufficient. He had further told her that all charges were being dropped and represented that the District Attorneys' office had agreed to do so. He ultimately convinced Plaintiff to have sex with him in exchange for total expunction of her record.

49.    But on August 3, 2022, Strause's story to Plaintiff changed. Strause than—for the first time—told Plaintiff that he informed Kimbrough of Plaintiff's work on the cases, but that Kimbrough refused to accept or acknowledge the work that Plaintiff had done on the cases.

50.    Up until that point, Strause had always represented to Plaintiff that he had the actual or apparent authority to coordinate dismissal and that the District Attorneys' office had already agreed to do so.

51.    On or about October 14, 2022, Strause contacted Plaintiff and inquired about what evidence she had turned into the courts. Plaintiff found this request very odd, and, since she now realized that Strause had abjectly lied to her and had breached their agreement, Plaintiff blocked Strause on Facebook and stopped all contact with him.

52.    On or about November 10, 2022, Assistant District Attorney Mike Marion, the prosecutor assigned to Plaintiff's criminal case, informed Plaintiff that Strause's first and only contact with the Orange County District Attorneys' office regarding Plaintiff's case was on August 3, 2022.

*Plaintiff's Original Petition*              Page **10** of **20**

Copy from re:SearchTX

53.     Despite Strause acting with apparent authority as an agent of Orange County, Texas and specifically as an agent of the Orange County District Attorneys' Office in his capacity as member of its task force, District Attorney John Kimbrough refused to honor any written or oral agreement that had been made between Plaintiff and Strause.

54.     Plaintiff complained in open court regarding Strause's tortious and unlawful conduct, but Orange County Sheriff's Office, John Kimbrough, and the City of West Orange Police Department have failed to take any action or pursue any investigation against Strause.

55.     Strause had fraudulently induced Plaintiff to incur risk to life and limb while working as a confidential informant. Strause indicated he had authority to enter into a binding contract on behalf of the Orange County District Attorneys' office, and that he had done so in setting up an agreement where Plaintiff's charges would be dismissed.

56.     If Plaintiff had known that Strause fraudulently induced her, and, further, that he intentionally and negligently misrepresented not only the nature of his authority, Plaintiff would have never agreed to work as a confidential informant, and Plaintiff certainly would have never had sexual relations with Strause.

55.     Plaintiff, left with no recourse after Kimbrough refused to recognize the agreement between Plaintiff and Strause, was forced to plead guilty to her offense. Plaintiff was sentenced to two (2) years deferred probation with no credit for the five (5) cases that she worked on and no credit for having begrudgingly agreed to have sexual intercourse with Strause.

## VI.
## CAUSES OF ACTION

### COUNT 1 (BREACH OF CONTRACT AND REPUDIATION)

56.     Plaintiffs incorporate by reference the above paragraphs as if stated herein more fully.

Copy from re:SearchTX

57.     Plaintiffs had a valid contract with Defendants, but Defendants materially breached the contract.

58.     Defendant Strause acted with actual and/or apparent authority of Orange County and City of West Orange to make an offer, which Plaintiff accepted.

59.     In consideration for work performed by Plaintiff on five cases, Strause, as actual and/or apparent agent of Orange County, Texas and the City of West Orange, Texas, agreed to dismiss charges. The exchange was a bargained-for exchange with consideration, and the parties had actual and/or apparent authority to enter into a contract.

60.     Strause's refusal to present the written agreement to the District Attorneys' office constitutes bad faith execution of a discretionary duty and constitutes *ultra vires* acts.

61.     John Kimbrough, in his individual capacity and his capacity as District and County Attorney for Orange County, Texas, refused to honor the valid contract entered into by his actual/apparent agent, Robert Strause. Such actions were made in bad faith and constitute *ultra vires* acts.

62.     Defendants' conduct constitutes a material breach of contract and/or repudiation resulting in damages to the Plaintiff.

63.     Plaintiff suffered actual and consequential damages as a result of the repudiation and/or material breach of contract by Defendant.

64.     Plaintiff seeks recovery for actual and consequential damages as well as reasonable and necessary attorneys' fees as a result of Defendants' breach of contract.

## COUNT 2 (INTENTIONAL MISREPRESENTATION)

65.     Plaintiff re-incorporates by reference the above paragraphs as if stated more fully herein.

Copy from re:SearchTX

66.    Strause, on behalf of Orange County, Texas and the City of West Orange, Texas, and in the course and scope of his employment by these entities and the business they regularly conduct, made various representations to the Plaintiff which were material and false, including, but not limited to, that Plaintiff had successfully fulfilled her terms of the contract, that her charges would be dismissed, that having sex with Strause would result in expunction, that Strause had authority to enter into a contract at all, that the agreement was approved and agreed to by relevant authorities. At the time Strause made the representations, he knew the representations were false or made the representations recklessly as a positive assertion without knowledge of the truth. Strause never intended to follow through on his false promises or agreements with Plaintiff. Strause made these representations with the intent that the Plaintiff act on them. Plaintiff did in fact rely on the representations to her detriment, and such reliance caused damages to Plaintiff.

67.    Plaintiff seeks recovery for damages from Defendants' fraud/intentional misrepresentation, including economic damages, noneconomic damages, and punitive damages.

## COUNT 3 (NEGLIGENT MISREPRESENTATION)

68.    Plaintiff re-incorporates by reference the above paragraphs as if stated more fully herein.

69.    Each representation was made in the normal and regular course of business of Orange County, Texas, and the City of West Orange, by and through its actual and/or apparent agent in law enforcement, Robert Strause.

70.    Strause made misrepresentations recklessly and without any regard to the truthfulness of these misrepresentations.

71.    Plaintiff did in fact rely on these misrepresentations to her detriment and suffered damages as a result.

72.    Plaintiff seeks recovery of all damages permitted by law for this cause of action.

*Plaintiff's Original Petition*                    Page **13** of **20**

Copy from re:SearchTX

## COUNT 4 (42 U.S.C. 1983 VIOLATIONS OF PLAINTIFF'S CIVIL RIGHTS)

73.    Plaintiff re-incorporates by reference the above paragraphs as if stated more fully herein.

74.    Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges, immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.

75.    **The 4th Amendment to the United States Constitution provides**: The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

76.    **The 14th Amendment to the United States Constitution provides**: No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

77.    Strause, Kimbrough, and agents of Orange County, Texas and the City of West Orange, Texas at all times acted under the color of statutes, ordinances, regulations, and regular and customary practices and usage.

78.    Under color of this authority, Defendants deprived the rights, privileges, and immunities of Plaintiff that are secured by the United States Constitution and laws.

Copy from re:SearchTX

## A. COUNTY AND MUNICIPALITY LIABILITY; ELECTED OFFICIAL LIABILITY

79.     Confidential informants are known to be vulnerable to police exploitation. To stem this problem, federal entities have adopted policies, procedures, and customs to mitigate risks to confidential informants by law enforcement. The Office of the Attorney General for the United States has adopted guidelines to ensure appropriate and adequate oversight of confidential informant and law enforcement interactions. The United States Government Accountability Office has updated those policies and provided additional guidance to federal agencies, including at least eight (8) different agencies within the Department of Justice and Department of Homeland Security, such as the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF); the U.S. Drug Enforcement Administration (DEA); the Federal Bureau of Investigation (FBI); the U.S. Marshals Service (USMS); U.S. Customs and Border Protection; U.S. Immigration and Customs Enforcement (ICE); the U.S. Coast Guard (USCG); and the U.S. Secret Service (USSS).

80.     Despite the known risks and guidance from State and Federal agencies, the Defendants herein maintained and adopted an Official Policy that allowed and facilitated egregious exploitation and violation of Plaintiff and other confidential informants.

81.     Despite the known risks and guidance from State and Federal agencies, the Defendants herein failed to maintain or adopt an Official Policy that reasonably or adequately protected the constitutional rights of Plaintiff and other confidential informants.

82.     "Official Policy" herein has the meaning as applied by the United States Fifth Circuit Court of Appeals:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by Orange County, Texas and/or City of West Orange, Texas lawmaking officers or by an official to whom the lawmakers have delegated policymaking authority. *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc).
>
>    OR

Copy from re:SearchTX

2.  A persistent, widespread practice of Orange County and/or City of West Orange officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents Orange County and/or City of West Orange policy. *Id.*

AND

3.  A single decision by a policymaker may constitute a policy for which a county or municipality may be liable. *Brown v. Bryan Cnty.*, 219 F.3d 450, 462 (5th Cir. 2000) *reh'g and reh'g en banc denied*, 235 F.3d 450 (5th Cir. 2000), *cert. denied*, 532 U.S. 1007 (2001); *Brown v. Wichita County, Texas*, CIVIL ACTION NO. 7:05-CV-108-O (N.D. Tex. Apr. 26, 2011) (noting application of this principle to a municipality).

83.    On information and belief, the Official Policy of the District Attorneys' Office, Sheriff's Office, and West Orange Police Department constitute persistent and pervasive violations of the constitutional rights of individuals, including Plaintiff.

84.    The individual defendants and governmental entities herein were deliberately indifferent to the Plaintiff's constitutional rights.

85.    Defendants are therefore liable to Plaintiff, who is injured by these deprivations.

86.    John Kimbrough, as an elected official to the position of District and County Attorney and as per se head of the District Attorneys' task force, and the Orange County Sheriff's Department, and the City of West Orange, Texas, each individually failed to uphold Plaintiff's constitutionally-secured rights because they:

a.  Failed to establish, maintain, and oversee proper policies and procedures for dealing with the safety of female confidential informants;

b.  Failed to provide protection from sexual predation, abuse of power, and improper *quid pro quo* exchanges between officers and confidential informants;

c.  Promulgated, condoned, or showed indifference to improper policies or customs; and

d.  Continued such practices of improper policies or customs as to constitute custom representing policy.

Copy from re:SearchTX

87.    Further evidence that this is not an isolated incident is emphasized by the fact that no action has been taken against Strause by Orange County District Attorneys' Office, Orange County Sheriff's Office, or the City of West Orange. No new rules, regulations, training, policies or procedures have been adopted by any of these entities. This is especially egregious, deliberately indifferent, and reckless considering Plaintiff raised these issues and concerns in open court.

## B. PEACE OFFICER LIABILITY

88.    Strause, as a licensed peace officer, and in his capacity as an employee of the Orange County District Attorney Task Force, Orange County Sheriff's Office, and City of West Orange, engaged in deliberate and outrageous invasion of Plaintiff's bodily integrity, which shocks the conscious, and is a violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

89.    Strause, acting within the scope of his agency of the county and city, recklessly and with the intention of causing Plaintiff severe emotional distress, engaged in extreme and outrageous conduct by abusing the official power granted him by Orange County, Texas and the City of West Orange, Texas.

90.    Strause, by his acts and omissions, and under color of law and acting pursuant to the customs, practices, and policies of Orange County and the City of West Orange Police Department, deprived Plaintiff of her rights to bodily integrity, thereby violating Plaintiff's right to be secure in her person and to not be deprived of life and liberty without due process and equal protection. U.S. Const. amend. IV, XIV.

## VII.
## WAIVER OF IMMUNITY

Copy from re:SearchTX

91.    Defendants have waived immunity to suit upon entering a contract with Plaintiff.

92.    Government officials may not claim immunity when an individual's acts deprived the Plaintiff of constitutional rights under the color of law and those rights were clearly established and constitutional rights which existed at the time of the acts, and such acts were not objectively reasonable under the circumstances. No reasonable official could have believed that Strause's fraud, misrepresentations, and abuse of power leading to sexual exploitation of Plaintiff were lawful. No reasonable official could have believed that Orange County and City of West Orange's Official Policy was reasonable or protective of confidential informants.

93.    Government entities may not assert immunity under 1983 claims when such acts are the policy, practice, or custom of that entity. The acts and omissions of Robert Strause and John Kimbrough were pursuant to the policies, practices, and customs of the Orange County District Attorneys' Office, Orange County Sheriff's Department, and the City of West Orange Police Department.

94.    In the alternative, Plaintiff pleads that such acts and omissions by John Kimbrough and Robert Strause were *ultra vires* and thereby not subject to immunity.

## VIII.
## DAMAGES

95.    As a result of breach of contract, Plaintiff seeks actual damages, consequential damages, and attorneys' fees.

96.    As a direct result of Defendants' conduct, Plaintiff has suffered economic and noneconomic damages, all of which she is entitled to recover. Plaintiff is entitled to recover, in

Copy from re:SearchTX

addition to the amount of the claim, interest on the amount of the claim at the rate set by law, together with reasonable attorneys' fees.

97.    Plaintiff seeks punitive damages. "It is well-established that a 'jury may award punitive damages . . . either when a defendant's conduct was driven by evil motive or intent, or when it involved a reckless or callous indifference to the constitutional rights of others.'" *Morgan v. Woessner,* 997 F.2d 1244, 1255 (9th Cir. 1993). *See also Woods v. Cantrell*, No. 21-30150 (5th Cir., March 24, 2022)(clarifying that punitive damages may be available under civil rights claims).

## IX.
## ATTORNEYS' FEES

98.    Pursuant to TEXAS CIVIL PRACTICES & REMEDIES CODE §§38.001, *et seq.*, and under her breach of contract claims, Plaintiff seeks recovery of her reasonable and necessary attorneys' fees, expenses, and court costs.

99.    Pursuant to 42 U.S.C 1983, Plaintiff seeks recovery of her reasonable and necessary attorneys' fees, expenses, and court costs.

Copy from re:SearchTX

# X.
## PRAYER AND JURY DEMAND

100.    For these reasons, Plaintiff asks that she have judgment against Defendants for actual and

consequential damages, economic damages, mental anguish damages, exemplary/punitive,

reasonable and necessary attorney fees, pre-judgment and post-judgment interest as allowed by

law, costs of suit, and all other relief to which Plaintiff may show herself entitled.  Plaintiff requests

a trial by jury and tenders payment with this filing.


Respectfully Submitted,


FRANKLIN, FRANKLIN & ASSOCIATES, PLLC


By: */s/ Eric Franklin*
    B. ERIC FRANKLIN
    Texas Bar No. 24105631
    eric@franklinfranklinlaw.com
    485 Milam St.
    Beaumont, Texas 77701
    (409) 245-0001 Telephone
    (832) 533-8712 Fax

    *Attorney for Plaintiffs*

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Yesenia Martinez on behalf of B. Eric Franklin
Bar No. 24105631
paralegal@franklinfranklinlaw.com
Envelope ID: 74778035
Filing Code Description: Amended Filing
Filing Description: Plaintiff's Original Petition
Status as of 4/19/2023 8:01 AM CST

Associated Case Party: Chelle Warrick

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Eric Franklin | | eric@franklinfranklinlaw.com | 4/18/2023 4:36:10 PM | SENT |
| Yesenia Martinez | | paralegal@franklinfranklinlaw.com | 4/18/2023 4:36:10 PM | SENT |